IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KIMBERLEY YOUNGER,**
et al.,

      **Plaintiffs,**

      v.                                      CASE NO.  24-3091-JWL

**JEFF ZMUDA, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiffs brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiffs Kimberley Younger, Barbara Frantz, Kora L. Liles, Micaela Lea Spencer, Sharon Huddleston, and Jennifer Lockett, are all inmates at the Topeka Correctional Facility in Topeka, Kansas ("TCF").  They purport to bring a class action against defendants Secretary of Corrections Jeff Zmuda, TCF Warden Donna Hook, and Aramark Food Services.  They have filed a motion for class certification (Doc. 2) and motions for leave to proceed in forma pauperis (Docs. 3, 4, 5, 6, and 7).

Plaintiffs allege that Defendants have violated their Eighth Amendment rights by failing to provide a sanitary, safe, and healthy environment.  Plaintiffs seek declaratory and injunctive relief.  In support of their request for class certification, Plaintiffs attach their complaints that were previously filed as individual actions and that remain pending before this Court.  *See* Docs. 1–1, 1–2, 1–3, 1–4, 1–5, and 1–6; *see also Younger v. Zmuda*, Case No. 24-3069-JWL (D. Kan. filed May 14, 2024); *Frantz v. Zmuda*, Case No. 24-3068-JWL (D. Kan. filed May 14, 2024); *Liles v. Zmuda*, Case No. 24-3070-JWL (D. Kan. filed May 14, 2024); *Spencer v. Zmuda*, Case No. 24-3071-JWL (D. Kan. filed May 14, 2024); *Huddleston v. Zmuda*, Case No. 24-3086-

1

JWL (D. Kan. filed May 31, 2024); and *Lockett v. Zmuda*, Case No. 24-3072-JWL (D. Kan. filed May 14, 2024).

Plaintiffs move for class certification under Fed. R. Civ. P. 23, defining the class as all inmates presently incarcerated at TCF. These same Plaintiffs previously sought to join the action in *Stauch v. Zmuda*, Case No. 24-3027-JWL (D. Kan.). In that case, the Court considered the Motion for Joinder and Motion for Appointment of Counsel (Doc. 15) filed by these same Plaintiffs. The Court found that any request for joinder was premature until the complaint in the *Stauch* case had been screened following submission of the *Martinez* Report ordered in that case.[1] *Id*. at Doc.16, at 2. In denying the motion, the Court held that:

> courts have found permissive joinder of plaintiffs not feasible in prisoner litigation. Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs. *Etier v. Soptic*, 2022 WL 1202395, at *3 (D. Kan. 2022). "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)." *Id.* (citations omitted); *see also Bray v. Oklahoma Cty. Jail Auth.*, 2022 WL 1097094, at *1 (W.D. Okla. 2022) (finding joinder infeasible, noting that the PLRA requires each plaintiff to pay the entire filing fee, one inmate may not legally represent another, and "prison movements and regulations could, at any time, restrict interpersonal communication between the Plaintiffs").
>
> This Court has previously decided that prisoner plaintiffs may not undermine the statutory fee obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee. *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g.*, *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191 (W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan.

---

[1] The *Martinez* Report has now been filed in the *Stauch* case, and after reviewing the Report the Court entered a Memorandum and Order finding that these same claims in *Stauch* are subject to dismissal for failure to state a claim. *See Stauch*, Case No. 24-3027-JWL, at Doc. 27.

> March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citations omitted).

*Id*. at 2–3.

"A court may not certify a class unless it determines 'the representative parties will fairly and adequately protect the interests of the class." *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)). "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class." *Id*. (citation omitted).

The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000), concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id*. at 1321(citation omitted). Thus, a pro se plaintiff cannot adequately represent a class. *See Poe v. Utah*, 2024 WL 855474, at *1 (D. Utah 2024) (finding amended complaint deficient because it purported to bring a class action, when Plaintiff may not represent a class as a pro se litigant) (citing *see McGoldrick v. Werholtz*, 185 F. App'x 741, 744 (10th Cir. 2006) (unpublished) ("[B]ecause plaintiffs are *pro se*, the district court would have abused its discretion if it had certified a class action." (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (stating class representatives may not appear pro se); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding pro se prisoners are not adequate representatives for class); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay

Kane, *Federal Practice and Procedure* § 1769.1 at 450 & n.13 (3d ed. 2005) (stating rule that "class representatives cannot appear *pro se*"))).

All of the Plaintiffs proceed pro se in this case and in their individual cases. A case cannot proceed as a class action with any pro se plaintiff as class representative. *See Getter v. Elder*, 2021 WL 12173262, at *1 (D. Colo. 2021) ("The Court also must take note of the logistical and administrative constraints *pro se* inmate litigants experience, which severely restricts their ability to investigate class claims and contact class members. Because the putative class representatives are proceeding *pro se*, the Court finds that class certification is inappropriate.").

Despite the denial of their motion for joinder in the *Stauch* case, and despite their individual pending cases, Plaintiffs now seek to bring a class action based on the same claims asserted in their individual cases. The Court has entered a Memorandum and Order to Show Cause in each of the Plaintiffs' individual cases, finding that their claims are subject to dismissal.

The Court denies the motion for class certification: based on the reasoning set forth in the order denying their motion for joinder in the *Stauch* case; based on the fact that Plaintiffs are all prisoners proceeding pro se; based on the fact that Plaintiffs have pending individual cases based on the same claims that are subject to dismissal; and based on the same reasoning set forth in the orders denying class certification in their individual cases.

The claims in this case are duplicative of the claims each Plaintiff has filed in their own pending case. Therefore, this case is dismissed as duplicative. Plaintiffs' motions for leave to proceed in forma pauperis are denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for class certification (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiffs' motions for leave to proceed in forma pauperis (Docs. 3, 4, 5, 6, and 7) are **denied as moot.**

**IT IS FURTHER ORDERED** that this matter is **dismissed.**

**IT IS SO ORDERED**.

**Dated July 30, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE